# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:12cr97-1

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| LAVONTE LAMONT HALLMAN. | ) | |
| _____ | ) | |

**THIS MATTER** is before the court on defendant's Motion to Strike Surplusage (#35). Defendant asserts that the Bill of Indictment sets forth factual assertions in the "Introduction" to which defendant has not stipulated, and which violate defendant's right to due process. The Introduction states:

> At all times material to this Bill of Indictment, O'Reilly Automotive, Inc. (doing business and hereinafter referred to as "O'Reilly Auto Parts") was a business engaged in commercial activities in the Western District of North Carolina and elsewhere, in and affecting commerce. O'Reilly Auto Parts is a publicly held retailer of automotive aftermarket parts, tools, supplies, equipment, and accessories, headquartered in Springfield, Missouri, with more than 3,700 stores in 39 states including North Carolina. The O'Reilly Auto Parts store located at 6505 Old Statesville Road in Charlotte, North Carolina, is in the business of selling merchandise in and affecting commerce.

In support of his motion, defendant cites Federal Rule of Criminal Procedure 7(d), which states "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." Fed. R. Crim. P. 7(d). "The purpose of Rule 7(d) is to protect a defendant against prejudicial allegations that are neither relevant nor material to the charges made in an indictment, or not essential to the charge, or unnecessary, or inflammatory." United States v. Poore, 594 F.2d 39, 41 (4th Cir. 1979). A motion to strike surplusage from an indictment "should be granted only if it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial." United States v. Williams, 445 F.3d 724, 733

(4th Cir. 2006) (finding no abuse of discretion to deny motion to strike alleged surplusage in an indictment suggesting defendant's involvement in an uncharged murder, where defendant was charged with weapons possession, and the jury was not presented with the indictment but was instructed that indictment was not evidence and to consider the allegations only for the limited purpose as to whether defendant possessed a firearm).

The court finds that the information set forth in the Introduction should remain in the Bill of Indictment. The Introduction contains no inflammatory or prejudicial allegations and the information about the business is clearly relevant and material to the charges alleged in the Indictment. Thus, defendant has not met the standard to strike surplusage under Fourth Circuit law and defendant's motion must be denied.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Strike Surplusage (#35) is **DENIED**.

Signed: June 29, 2012

Max O. Cogburn Jr.
United States District Judge