UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cr-00097-MOC

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| **LAVONTE LAMONT HALLMAN,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Compassionate Release/Reduction of Sentence. (Doc. No. 134). Defendant seeks early release from prison under 18 U.S.C. § 3582(c)(1)(A) based on the COVID-19 pandemic. The Government has responded in opposition to the motion. This matter is thus ripe for disposition.

**I.    BACKGROUND**

On July 12, 2012, Defendant was convicted at trial of one count of Hobbs Act conspiracy, in violation of 18 U.S.C. § 1951; one count of Hobbs Act robbery, in violation of 18 U.S.C. § 1951; one count of use and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c); and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). On December 26, 2011, while on probation for a common law robbery conviction, Defendant entered an auto parts store and pointed a firearm at the store employees. He stated that they had ten seconds to open the drawer and began counting down from ten. The employees complied, placing the cash in a store bag, and Defendant exited the store and hid until a car picked him up. Law enforcement identified the

vehicle and asked Defendant to show his hands. He refused and fled the vehicle on foot, dropping a firearm and a bag from the auto parts store containing the cash. He was subsequently apprehended and identified as the person who had committed the robbery.

Because Defendant had been convicted of two prior crimes of violence and was a career offender, his guideline range was 360 months to life imprisonment. On August 28, 2013, Defendant was sentenced to 210 months of imprisonment on counts 1 and 2, concurrent; 84 months on count 3, consecutive; and 36 months on count 4, concurrent, for a total term of 294 months. (Doc. 76.) Defendant has served approximately 100 months (37%) of his sentence. (Id.) His current projected good time release date is February 27, 2033, and his full-term release date is June 26, 2036. (Id.)

Defendant is 32 years old and does not have any medical conditions, although he claims to have an unknown and undiagnosed medical condition. USP Lee, where Defendant is incarcerated, currently has 62 active inmate COVID-19 cases and 36 active staff COVID-19 cases. See Federal Bureau of Prisons, COVID-19 Home Confinement Information, at https://www.bop.gov/coronavirus/.

On or about October 30, 2020, Defendant filed a motion with this Court seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) on the ground that he is at high risk of developing serious illness from COVID-19 due to his claimed health condition. (Doc. 131.) The motion was denied without prejudice on November 21, 2020, due to Defendant's failure to exhaust administrative remedies. (Doc. 133.) On or about November 31, 2020, Defendant submitted an informal compassionate release request to the warden of his facility based on concerns about COVID-19. Defendant filed a second motion for compassionate release on

January 7, 2021, over 30 days after the date of his informal request. (Doc. 134.) According to Defendant's BOP case manager, BOP has not considered Defendant as a candidate for home confinement.

## II.     DISCUSSION

By its terms, 18 U.S.C. § 3582(c)(1)(A) permits the Court to reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i).  As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction.  United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

The Sentencing Commission has issued a non-binding policy statement addressing motions for reduction of sentences under § 3582(c)(1)(A).[1]  As relevant here, the non-binding policy statement provides that a court may reduce the term of imprisonment after considering the

---

[1] In a recent decision, the Fourth Circuit determined that the policy statement is no longer binding on courts deciding compassionate release motions because U.S.S.G. § 1B1.13 was enacted before the First Step Act.  United States v. McCoy, 2020 WL 7050097 (4th Cir. Dec. 2, 2020).  Specifically, the Fourth Circuit held that the policy statement found in U.S.S.G. § 1B1.13 does not apply to compassionate release motions brought by inmates under 18 U.S.C. § 3582(c)(1)(A)(i).  Id. at **6–9.  The McCoy Court reasoned that, because Section 1B1.13 applies only to motions brought by the Bureau of Prisons, it cannot be the policy statement applicable in circumstances where defendants bring their own motions for compassionate release.  Id.  In place of the no-longer-applicable policy statement, McCoy permits "courts [to] make their own independent determinations of what constitutes an 'extraordinary and compelling reason[ ]' under § 3582(c)(1)(A), as consistent with the statutory language[.]"  Id. at *9.  The McCoy Court noted, however, that Section 1B1.13 "remains helpful guidance even when motions are filed by defendants."  Id. at *7 n.7.  Because this Court finds that the policy statement is extremely helpful in assessing motions for compassionate release brought by defendants, the Court will rely on it as guidance.

-3-

Case 3:12-cr-00097-MOC-DCK   Document 142   Filed 03/02/21   Page 3 of 8

§ 3553(a) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction"; (ii) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and (iii) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

The policy statement includes an application note specifying the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i). Second, the standard is met if the defendant is: (I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover. U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). The application note also sets out other conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age and family circumstances. U.S.S.G. § 1B1.13, cmt. n.1(B)-(C). Finally, in addition to the non-binding policy statement, the Fourth Circuit has recently clarified that courts may make their own independent determinations as to what constitute "extraordinary and compelling reasons" to warrant a reduction of sentence under Section 3582(c)(1)(A). United States v. McCoy, 2020 WL 7050097 (4th Cir. Dec. 2, 2020).[2]

---

[2] In a recent decision, the Fourth Circuit determined that the policy statement is no longer binding on courts deciding compassionate release motions because U.S.S.G. § 1B1.13 was enacted before the First Step Act. United States v. McCoy, 2020 WL 7050097 (4th Cir. Dec. 2,

-4-

The mere existence of the COVID-19 pandemic, which poses a general threat to every non-immune person in the country, cannot alone provide a basis for a sentence reduction. The conditions described in U.S.S.G. § 1B1.13 encompass specific serious medical conditions afflicting an individual inmate, not generalized threats to the entire population. As the Third Circuit has held, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

That does not mean, however, that COVID-19 is irrelevant to a court's analysis of a motion under Section 3582(c)(1)(A). If an inmate has a chronic medical condition that has been identified by the CDC as elevating the inmate's risk of becoming seriously ill from COVID-19,[3] that condition may satisfy the standard of "extraordinary and compelling reasons." Under these circumstances, a chronic condition (i.e., one "from which [the defendant] is not expected to recover") reasonably may be found to be "serious" and to "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility," even if that condition would not have constituted an "extraordinary and compelling reason" absent the risk of COVID-19. U.S.S.G. § 1B1.13, cmt. n.1(A)(ii)(I).

Here, Defendant's request for a sentence reduction is denied because he has not

---

2020). Specifically, the Fourth Circuit held that the policy statement found in U.S.S.G. § 1B1.13 does not apply to compassionate release motions brought by inmates under 18 U.S.C. § 3582(c)(1)(A)(i). Id. at **6–9. The McCoy Court reasoned that, because Section 1B1.13 applies only to motions brought by the Bureau of Prisons, it cannot be the policy statement applicable in circumstances where defendants bring their own motions for compassionate release. Id. In place of the no-longer-applicable policy statement, McCoy permits "courts [to] make their own

[3] See Centers for Disease Control, People with Certain Medical Conditions, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (as of November 23, 2020).

demonstrated "extraordinary and compelling reasons" warranting release. As explained above, under the relevant provision of § 3582(c), a court grants a sentence reduction if it determines that "extraordinary and compelling reasons" justify the reduction and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Sentencing Commission's policy statement defines "extraordinary and compelling reasons" to include, as relevant here, certain specified categories of medical conditions. USSG § 1B1.13, cmt. n.1(A).

Defendant asserts that he has an unknown, undiagnosed medical condition that places him "at the highest of risk of not surviving coronavirus." (Doc. 134 at 2-3.) To the contrary, Defendant's medical records indicate that he is a healthy 32-year-old with no conditions requiring treatment and those records do not show that he has sought treatment for an unknown illness at any point in the past year. Regardless, Defendant has already tested positive for and recovered from COVID-19 in December 2020. (Id.) He remained asymptomatic and was successfully monitored and treated in the facility. Recovery from a positive COVID-19 diagnosis, particularly where the inmate remained asymptomatic, does not qualify as an extraordinary circumstance under the relevant policy statement, particularly where the defendant has no COVID-19 risk factors.

Although there is insufficient medical evidence or consensus at this time regarding the risk of reinfection, courts across the country have held that inmates with COVID-19 risk factors who have recovered from COVID-19 cannot, without more, establish extraordinary circumstances warranting release. See, e.g., United States v. Shahbazpour, 2020 WL 3791633, at *2 (N.D. Cal. July 7, 2020) (relief denied for defendant with recent series of staph, MRSA, and

upper respiratory infections who had fully recovered from COVID-19, stating that "the immediate threat to [defendant] has passed with no serious long-term complications for him").

Because Defendant cannot establish "extraordinary and compelling reasons" for a sentence reduction under § 3582(c)(1)(A) after his positive test for COVID-19, treatment, and recovery, his motion is denied.

Furthermore, Defendant has failed to demonstrate that he is not a danger to the safety of the community or that he otherwise merits release under the § 3553(a) factors.

Under the applicable policy statement, this Court should deny a sentence reduction unless it determines the defendant "is not a danger to the safety of any other person or to the community." USSG § 1B1.13(2). Additionally, this Court must consider the § 3553(a) factors, as "applicable," as part of its analysis. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

The evidence before the Court cannot support a finding that Defendant would not pose a danger to the community if released. Defendant has three convictions for committing armed 'robberies of auto parts stores; in 2007, at age 19, he pleaded guilty to conspiracy to commit armed robbery and received a suspended sentence, and in 2010, at age 21, he pleaded guilty to common law robbery and again received a suspended sentence. Although Defendant claims to have been rehabilitated in prison, his disciplinary record indicates that he possessed a dangerous weapon in the prison merely two years ago. (Doc. No. 137, Ex. B). Defendant's criminal history immediately prior to this case demonstrates that his serving about nine years of imprisonment cannot be sufficient to ensure he will not reoffend.

In addition, the § 3553(a) factors greatly disfavor a sentence reduction. Defendant's

current 294-month sentence is significantly below the 360-month-to-life guideline range applicable to his offense level and criminal history. The Court granted Defendant a defense-sponsored downward variance on the grounds that this case was outside of the heartland of Hobbs Act offenses and to avoid a sentencing disparity with his co-conspirator. Releasing Defendant after having served just 110 months of this significantly reduced sentence would "not reflect the seriousness of the offense, or provid[e] just punishment for the offense. Moreover, rather than promoting respect for the law and its deterrent effect, it would undermine it." United States v. Davies, No. 17-CR-57, 2020 WL 2307650, at *2 (E.D.N.Y. May 8, 2020) (denying release of defendant who had served about three years on eight-year armed robbery conviction).

In sum, in light of Defendant's record and the totality of relevant circumstances, this Court denies the motion for a sentence reduction. Having thus considered defendant's motion and reviewed the pleadings, the Court enters the following Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion for Compassionate Release/Reduction of Sentence, (Doc. No. 134), is **DENIED**.

Signed: March 2, 2021

*[Signature]*
Max O. Cogburn Jr
United States District Judge