**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL CASE NO. 3:16-cv-00584-MOC**
**(CRIMINAL CASE NO. 3:12-cr-00097-MOC-DCK-1)**

| | | |
|---|---|---|
| **LAVONTE LAMONT HALLMAN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Petitioner's Motion to Vacate Sentence under

28 U.S.C. § 2255. [CV Doc. 1].[1] The Petitioner is represented by Joshua Carpenter of the Federal

Defenders of Western North Carolina.

## I.    BACKGROUND

In December 2011, Petitioner Lavonte Lamont Hallman ("Petitioner"), armed with a gun,

robbed an O'Reilly's Auto Parts Store in Charlotte, North Carolina. [CR Doc. 57 at 4: Presentence

Investigation Report (PSR)]. Petitioner entered the store and pointed the gun at two store

employees in front of a customer. [Id.]. He told the employees that they had ten seconds to open

the drawer and began counting down from ten. [Id.]. The employees placed $336.00 into a bag

and Petitioner escaped in a white Mercury Marquis. [Id.].

A short time later, Petitioner was confronted by police officers and he fled from his getaway

car on foot. [Id.]. He discarded his gun and the O'Reilly Auto Parts Store bag full of cash before

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:16-cv-00584-MOC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:12-cr-00097-MOC-DCK-1.

being apprehended. [Id. 4-5]. The bag of money was recovered that day and the gun just days later in a wooded area near where Petitioner was arrested. [Id. at 5]. The store employees positively identified Petitioner as the individual who committed the robbery. [Id.].

On March 20, 2012, Petitioner, along with his co-conspirator, was charged in a Bill of Indictment with one count of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951 (Count One); one count of Hobbs Act robbery and aiding and abetting the same in violation of 18 U.S.C. §§ 1951 and 2 (Count Two); one count of brandishing a firearm in furtherance of a crime of violence, "that is, the violation of Title 18, United States Code, Section 1951 set forth in Counts One and Two," and aiding and abetting the same in violation of 18 U.S.C. §§ 924(c) and 2 (Count Three); and one count of being a felon-in-possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count Four). [CR Doc. 1: Bill of Indictment].

Petitioner proceeded to trial. At the close of the evidence, the Court instructed the jury, in pertinent part, as follows:

> Count three charges that on or about December 26, 2011, in Mecklenburg County, within the Western District of North Carolina, the defendants, Lavonte Lamont Hallman and Rob Demetrius Campbell, aiding and abetting each other, during and in relation to a crime of violence, that is a violation of Title 18, United States Code, Section 1951 set forth in counts one and two for which they may be prosecuted in a court of the United States, did knowingly and unlawfully use and carry a firearm and, in furtherance of such crime of violence, did possess said firearm.
>
> It is further alleged that said firearm was brandished, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).
>
> All in violation of Title 18, United States Code, Sections 924(c) and 2.
>
> All right. Members of the jury, the statute charged here is 18, United States Code, Section 924(c), and it reads in pertinent part that:

2

Any person, during and in relation to any crime of violence for which that person may be prosecuted in a court of the United States, uses or carries a firearm or who, in furtherance of this crime, possesses a firearm, commits an offense.

Now, to find the defendant guilty of this offense, you must be convinced that the government has proven each of the following beyond a reasonable doubt, and these are the essential elements.

That the defendant, or someone aided and abetted by the defendant, committed a crime of violence, that is, robbery of a business engaged in interstate commerce. In this case the alleged one is the O'Reilly Auto Parts store that you've heard testimony about.

Then the government – after showing that, the government would have to prove that the defendant, or someone aided and abetted by the defendant, knowingly used a firearm during and in relation to the crime of violence charged; or that the defendant, or someone aided and abetted by the defendant, knowingly carried a firearm during and in relation to the crime of violence charged; or that the defendant, or someone aided and abetted by the defendant, knowingly possessed a firearm in furtherance of that particular crime. And once again, they would have – the government would have to prove these beyond a reasonable doubt.

[CR Doc. 88 at 79-81: Trial Tr.]. The jury found Petitioner guilty on all counts. [CR Doc. 46: Jury Verdict].

The Court sentenced Petitioner to a term of imprisonment of 294 months, below the 360 months to life range advised by the guidelines. [CR Doc. 76 at 2: Judgment; CR Doc. 77: Statement of Reasons]. Petitioner appealed and, on July 10, 2014, the Fourth Circuit affirmed Petitioner's convictions and sentence. United States v. Hallman, 587 Fed. App'x 209, 213 (4th Cir. 2014). In October 2015, Petitioner filed his first motion to vacate under 28 U.S.C. § 2255, which this Court denied and dismissed on the merits. [Civil Case No. 3:15-cv-00468-MOC; Docs. 1, 10].

In June 2016, the Forth Circuit authorized Petitioner to file a second or successive motion

to vacate, seeking relief under Johnson v. United States, 576 U.S. 591 (2015). [CV Doc. 1-2]. Petitioner, thereafter, filed the instant motion to vacate. [CV Doc. 1]. He argues that this Court should vacate his § 924(c) conviction because conspiracy to commit Hobbs Act robbery is not a crime of violence and the jury's verdict does not state whether the § 924(c) predicate was the conspiracy or the substantive Hobbs Act offense. [CV Docs. 1, 8]. Petitioner's motion to vacate was stayed pending the Fourth Circuit's decision in United States v. Ali, 991 F.3d 561 (4th Cir. 2021), and then pending the Supreme Court's final disposition of Ali.[2] After the Supreme Court denied Ali's petition for writ of certiorari, the Government responded to Petitioner's motion to vacate. Petitioner's counsel did not reply on his behalf, but Petitioner did file an untimely pro se reply.[3] [CV Doc. 17].

This matter is now ripe for disposition.

## II.     STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

---

[2] In Ali, the district court instructed the jury that "the defendant could be found guilty of Hobbs Act robbery under either an aiding-and-abetting theory or a conspiracy theory. For the § 924(c) charges, she said that the 'crime of violence' element could be satisfied by a guilty verdict on the robbery charges under either theory of guilt." 991 F.3d at 566. The jury found Ali guilty on all counts. Id. The Fourth Circuit found that any error in instructing the jury on the § 924(c) count was harmless, in part, because "the overwhelming weight of the evidence the government presented at trial" showed that he "did more than simply conspire to commit robberies but that he assisted in their commission." Id. at 575-76.

[3] In addition to being untimely, Petitioner improperly presents new arguments in his pro se reply, including vague claims of violation of his Fifth and Sixth Amendment rights based on prosecutorial misconduct [Doc. 17 at 2-3]. The Court declines to consider these arguments here, but notes they are wholly unfounded in any event.

4

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

A § 2255 motion is a not a substitute for a direct appeal. See United States v. Linder, 552 F.3d 391, 397 (4th Cir. 2009). Claims of error that could have been raised before the trial court and on direct appeal, but were not, are procedurally barred unless the petitioner shows both cause for the default and actual prejudice, or that he is actually innocent of the offense. See Bousley v. United States, 118 S.Ct. 1604, 1611 (1998). Petitioner here has not shown cause and prejudice, or that he is actually innocent of the § 924(c) offense. His Johnson claim is, therefore, procedurally barred. Moreover, even if Petitioner's claim could be resolved on the merits, it would fail.

A movant seeking to have his conviction vacated under 28 U.S.C. § 2255 must show "that there has been such a denial or infringement of the constitutional rights of the [movant] as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). A defendant who uses a firearm in furtherance of a crime of violence is subject to enhanced penalties under § 924(c)(1)(A). A "crime of violence is defined as a felony that:

(A)    has an element the use, attempted use, or threatened use of physical force against the person or property of another, ("force clause") or

(B)    that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense ("residual clause").

18 U.S.C. § 924(c)(3). In <u>United States v. Davis</u>, the Supreme Court held that the definition of "crime of violence" in the residual clause is unconstitutionally vague. 139 S.Ct. 2319, 2336 (2019). As such, Hobbs Act conspiracy is categorically not a "crime of violence" under § 924(c)(3) and cannot serve as a predicate for a conviction for brandishing a firearm in furtherance of a crime of violence. <u>See</u> <u>United States v. Simms</u>, 914 F.3d 229, 233 (4th Cir. 2019) (en banc). Substantive Hobbs Act robbery, however, remains a "crime of violence" that satisfies § 924(c)'s force clause. <u>See</u> <u>United States v. Mathis</u>, 932 F.3d 242, 265-66 (4th Cir. 2019).

Here, in its instructions to the jury, the Court recited the § 924(c) charge as stated in the Indictment and instructed the jury that to prove that offense, the Government was required to prove that Petitioner used or carried a firearm during and in relation to a crime of violence or possessed a firearm in furtherance of a crime of violence. [CR Doc. 88 at 81]. The Court also instructed the jury that the Government was required to prove that Petitioner "committed a crime of violence, that is, robbery of a business engaged in interstate commerce," which "in this case … is the O'Reilly Auto Parts store that you've heard testimony about." [<u>Id.</u> at 80-81].

As noted, in <u>Ali</u>, the Fourth Circuit concluded that any error in such an instruction was harmless because the Government had presented "overwhelming" evidence that Ali had not only conspired to commit Hobbs Act robbery but had also actively assisted in those robberies. 991 F.3d at 576. This case is no different. The jury in Petitioner's criminal trial heard evidence that he had robbed the O'Reilly Auto Parts store by walking into the store, brandishing a firearm, and demanding money from the cash register drawer within ten seconds. [CR Doc. 57 at 4]. And, like <u>Ali</u>, the jury found Petitioner guilty of the substantive robbery offense. Petitioner, therefore, cannot show that any error in instructing the jury that it could find him guilty of the § 924(c) offense based on a Hobbs Act conspiracy predicate affected the outcome of his trial. As such,

6

Petitioner also cannot show he is entitled to relief under § 2255.

In sum, Petitioner's § 924(c) conviction is valid and will be upheld. The Court will deny and dismiss Petitioner's Section 2255 Motion to Vacate.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny and dismiss Petitioner's Section 2255 Motion to Vacate.

**IT IS, THEREFORE ORDERED** that:

(1) Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED** and **DISMISSED**.

(2) **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS SO ORDERED**.

Signed: March 17, 2022

Max O. Cogburn Jr.
United States District Judge

7