UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cr-97-MOC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| LAVONTE LAMONT HALLMAN, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Defendant's fourth motion for compassionate release or reduction of sentence. (Doc. No. 160). The Government opposes Defendant's motion. (Doc. No. 164). For the following reasons, the Court will deny Defendant's motion.

I.  Background

In December of 2011, Hallman robbed an auto parts store in Charlotte, North Carolina. (Doc. No. 57 ¶ 5). Hallman pointed a pistol at two store employees during the robbery, warning them that they had 10 seconds to open the cash register drawer. (Id.). Hallman then began counting down from ten. (Id.). Hallman stole $336 from the store. (Id.). A customer was present during the robbery. (Id.).

Hallman had previously been convicted of conspiracy to commit the armed robbery of another auto parts store in Charlotte. (Id. at ¶ 35). He had also been convicted of common law robbery of a different Charlotte auto parts store. (Id. at ¶ 40). During both prior offenses, Hallman pointed a firearm. (Id. at ¶¶ 35, 40).

A federal grand jury indicted Hallman for the 2011 offense and charged him with Hobbs Act conspiracy, 18 U.S.C. § 1951; Hobbs Act robbery, 18 U.S.C. § 1951; brandishing a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c); and possessing a firearm as a

1

convicted felon, 18 U.S.C. § 922(g)(1). (Doc. No. 1). A jury found Hallman guilty on all charges. (Doc. No. 46).

The probation office submitted a presentence report and determined that Hallman was a career offender based on his prior common-law robbery and armed robbery conspiracy convictions. (Doc. No. 57 ¶ 26). Based on a total offense level of 32 and a criminal-history category of VI, the probation office found that the Sentencing Guidelines advised a sentence of between 360 months and life in prison. (Id. at ¶ 82). Without the career-offender enhancement, Hallman would have been subject to a base offense level of 20 and a four-offense-level increase because he possessed a firearm in connection with another felony offense, resulting in a total offense level of 24. U.S.S.G. § 2K2.1(a)(4), (b)(6). Combined with a criminal history category of IV, the Sentencing Guidelines would have advised a sentence of between 77 and 96 months in prison for the robbery and felon-in-possession offenses and a consecutive sentence of 84 months in prison for the Section 924(c) firearm offense. U.S.S.G. ch.5 pt. A; 18 U.S.C. § 924(c)(1)(a)(ii).

This Court sentenced Hallman to a downward-variance term of 210 months in prison for the robbery offenses, to a concurrent term of 36 months for the felon-in-possession offense, and to a consecutive term of 84 months in prison for the firearm offense, for an aggregate term of 294 months in prison. (Doc. No. 76 at 2). This Court explained that it believed Hallman's Hobbs Act robbery offense to fall outside of the heartland of Hobbs Act cases and that it varied downward to avoid unwarranted sentence disparities between Hallman and similarly situated defendants. (Doc. No. 77 at 3; Doc. No. 89 at 49).

In March of 2021, this Court denied Hallman's first motion for compassionate release. (Doc. No. 142). This Court found in part that Hallman had not demonstrated that he is no longer a danger to the safety of the community or that "he otherwise merits release under the § 3553(a)

factors." (Doc. No. 142 at 7). While in the Bureau of Prisons, Hallman has committed three disciplinary infractions, including possession of a dangerous weapon in January of 2019. (Doc. No. 149 at 32).

In September of 2022, this Court denied Hallman's second motion for compassionate release. (Doc. No. 153). This Court found that the difference between the downward variance career-offender sentence Hallman received and the sentence he likely would receive today "is significant" but "does not amount to an extraordinary and compelling reason" justifying compassionate release. (Id. at 5). Had the Sentencing Guidelines advised a sentence of 77 to 96 months imprisonment for Hallman's Hobbs Act robbery offense, the Court likely would have varied upward based on Hallman's offense conduct as well as his three prior violent robbery offenses. (Id. at 5–6). The Court further found that Hallman's 2019 disciplinary citation for possessing a dangerous weapon undermined Hallman's claim to be fully rehabilitated. Finally, considering the factors articulated at 18 U.S.C. § 3553(a), the Court found that Defendant would pose a danger to the community if released. (Id. at 7).

Hallman moved for compassionate release again in September 2023. (Doc. No. 156). Because Hallman failed to ask the Bureau of Prisons for a reduction in his sentence since the Court's most recent denial of compassionate release, the Court denied Hallman's third motion without prejudice. (Doc. No. 159). Hallman asked the warden at his Bureau of Prisons institution for a reduction in his sentence in November of 2023. Now, Hallman asks the Court for compassionate release for a fourth time.

II. **Legal Standard**

Section 3582(c)(1)(A) authorizes district courts to reduce a defendant's sentence in light of the factors enumerated at 18 U.S.C. § 3553(a) if the Court finds that (1) extraordinary and

3

compelling reasons warrant a sentence reduction and (2) a sentence reduction is consistent with "applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The policy statement applicable to compassionate-release motions is Sentencing Guidelines § 1B1.13.[1]

Section 1B1.13 authorizes district courts to grant a defendant's compassionate release motion if the court finds extraordinary and compelling reasons warranting a sentence reduction <u>and</u> that the defendant does not pose a danger to the safety of another person or the community. U.S.S.G. § 1B1.13 (a). Section 1B1.13(b) specifies six categories of extraordinary and compelling reasons that can support a request for compassionate release: (1) medical circumstances of the defendant, (2) the age of the defendant, (3) a defendant's family circumstances, (4) sexual or physical abuse suffered by the defendant while in custody involving a "sexual act" or "serious bodily injury," and (6) an unusually long sentence. A Court may additionally find extraordinary and compelling reasons warranting compassionate release where a defendant received "an unusually long sentence," has served at least 10 years of that sentence, and a new legal development other than a retroactive amendment to the Sentencing Guidelines "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G. § 1B1.13(b)(6). A court must consider fully "the defendant's individual circumstances" in determining whether a change in law constitutes an extraordinary and compelling circumstance. <u>Id</u>.

---

[1] Although the Fourth Circuit held in <u>United States v. McCoy</u> that § 1B1.13 was not an "applicable policy statement" limiting a district court's authority to grant compassionate release because the Sentencing Commission had not amended § 1B1.13 to incorporate changes to § 3582(c)(1)(A) made by the First Step Act, 981 F.3d 271, 282 (4th Cir. 2020), the Sentencing Commission amended § 1B1.13, effective November 1, 2023. The amended policy statement now governs Curry's motion for compassionate release.

III.   Analysis

Hallman argues that several "extraordinary and compelling" reasons warrant the Court's grant of his motion for compassionate release.

First, Hallman contends that a new legal development created a gross disparity between the sentence he is serving and the sentence he would likely receive today. Specifically, Hallman asserts that if sentenced today he would not be classified as a career offender because his offense of conviction (Hobbs Act robbery) is no longer a "crime of violence" under the career offender guideline. See United States v. Green, 996 F.3d 176, 184 (4th Cir. 2021). Without the career offender adjustment, Hallman would face an aggregate guideline range of 161-180 months in prison as opposed to 360 months to life in prison.

Even if Defendant was correct that he would not be classified as a career offender today, the Court's denial of Hallman's second motion for compassionate release indicated that absent the career offender adjustment the Court would likely have varied upwards given Hallman's offense conduct and prior robbery offenses. (Doc. No. 153 at 5). Now, as then, the nature and circumstances of the offense and Hallman's criminal history dictate that a sentence of 210 months imprisonment does not constitute a gross disparity justifying the grant of a motion for compassionate release.

Moreover, the Government convincingly argues that Hallman would still be classified as a career offender if sentenced today. A recent amendment to the career offender guideline added § 4B1.1(d), which defines "crime of violence" and "controlled substance offense" to include "the offenses of aiding and abetting, attempting to commit, or conspiring to commit any such offense." U.S.S.G. amend. 822. The career offender guideline defines "crime of violence" to include robbery offenses. Id. § 4B1.2(a)(2). And "robbery" is defined to include "the unlawful

5

taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force or violence." Id. § 4B1.2(e)(3). Under these recent amendments, Hallman would be classified as a career offender because he was convicted of Hobbs Act robbery—an offense that satisfies the new definition of "robbery"—and has at least two prior convictions for crimes of violence (conspiracy to commit armed robbery and common law robbery). Thus, Hallman cannot show that he is serving an unusually long sentence and that a new legal development "would produce a gross disparity between the sentence being served and the sentence" he would likely receive on the date his motion was filed. Id. § 1B1.13(b)(6).

Next, Hallman contends that the conditions of imprisonment created by the COVID-19 pandemic and influx of the drug "K-2" into prisons make the conditions of his imprisonment more harsh than necessary and warrant compassionate release. But Hallman fails to argue that he is housed at a correctional facility affected by an ongoing outbreak of infectious disease or public health emergency, that he is at increased risk of suffering severe medical complications or death as a result, and any risk cannot be adequately mitigated in a timely manner. See id. § 1B1.13(b)(1). Likewise, the additional measures prison officials have implemented in response to the pandemic and/or influx of K-2 are not extraordinary and compelling. And Hallman's inability to access the full range of programming due to his career offender status, though unfortunate, does not justify granting his motion for compassionate release.

Finally, the Court finds that the Section 3553(a) sentencing factors do not support granting Hallman's motion for compassionate release. The need for adequate deterrence and to protect the public weigh heavily in favor of the 210-month sentence Hallman is currently serving for his Hobbs Act robbery offenses. For the foregoing reasons, Defendant's motion for compassionate release or reduction of sentence will be denied.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's motion for compassionate release or reduction of sentence (Doc. No. 160) is **DENIED**.

Signed: January 23, 2024

Max O. Cogburn Jr
United States District Judge